J-S39008-22

2023 PA Super 23

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN WILLIAM TROELL | : | |
| | : | |
| Appellant | : | No. 567 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002857-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

OPINION BY PANELLA, P.J.: **FILED FEBRUARY 15, 2023**

John William Troell appeals from the judgment of sentence imposed following his conviction for aggravated indecent assault of a child.[1] Troell now argues the trial court miscalculated the incorrect offense gravity score ("OGS") and therefore incorrectly applied the Sentencing Guidelines. We find no error or abuse of discretion in the trial court's OGS calculation and affirm the judgment of sentence.

Over the course of several years, Troell sexually abused his girlfriend's minor daughter by penetrating her vagina with his fingers and penetrating her anus with his toes. On August 17, 2021, Troell pled guilty to one count of

---

[1] *See* 18 Pa.C.S.A. § 3125(b).

aggravated indecent assault of a child, designated as a first-degree felony.[2]

During the guilty plea hearing, Troell confirmed his understanding that the offense carries a maximum term of 20 years in prison and a $25,000 maximum penalty, and it requires registration as a Tier III sexual offender. The trial court deferred sentencing for completion of an evaluation by the Sexual Offender Assessment Board ("SOAB") and a pre-sentence investigation report ("PSI").

At the start of the initial sentencing hearing, the parties stipulated to the SOAB's finding that Troell is a sexually violent predator. The parties also discussed the proper offense gravity score to apply to Troell's conviction. Troell argued that the omnibus offense gravity score should apply, which for a first-degree felony would result in an OGS of 8, rather than the OGS of 12 identified in the PSI. The court continued sentencing for the Commonwealth to conduct further research and file a brief on the issue. In response, the Commonwealth argued that by pleading guilty under subsection 3125(b), Troell necessarily admitted to committing a violation of subsection 3125(a).

During a second sentencing hearing on March 10, 2022, the trial court agreed with the Commonwealth's argument and applied the OGS of 12. The

---

[2] On the same date, Troell pled guilty to one count of possession of child pornography at trial court docket number 1100-2020 and received a sentence of 12 to 24 months in prison, to be served consecutive to the sentence imposed in the instant case. Troell did not file an appeal at docket number 1100-2020.

trial court sentenced Troell to a term of 48 to 120 months in prison. Troell did not file post-sentence motions. This timely appeal followed.

Troell contends the offense of aggravated indecent assault of a child set forth at 18 Pa.C.S.A. § 3125(b) is not specifically enumerated in the offense listing in 204 Pa. Code § 303.15. **See** Appellant's Brief at 9. Troell therefore argues that the trial court should have applied the omnibus offense gravity score when calculating his sentence. **See id.** at 12-14.

Troell's claim that the trial court incorrectly applied the Sentencing Guidelines by miscalculating his OGS challenges the discretionary aspects of his sentence. **See Commonwealth v. Archer**, 722 A.2d 203, 210-11 (Pa. Super. 1998) (*en banc*). "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010) (citation omitted). Rather, an appellant must invoke this Court's jurisdiction. **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> [W]e conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

* * *

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Moury**, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Troell preserved his issue at sentencing and filed a timely notice of appeal. Troell also included a separate Rule 2119(f) statement in his appellate brief, arguing the trial court applied the incorrect OGS and miscalculated the standard range of the Sentencing Guidelines accordingly. **See** Appellant's Brief at 7-8. We conclude Troell raised a substantial question for our review, and we proceed to the merits of his sentencing challenge. **See Commonwealth v. Sunealitis**, 153 A.3d 414, 421 (Pa. Super. 2016) (stating that "an allegation that the trial court inappropriately calculated the offense gravity score raises a substantial question.").

Generally, we review a misapplication of the Sentencing Guidelines for an abuse of discretion. **See Moury**, 992 A.2d at 169-70. However, "[t]he calculation of the offense gravity score is a matter of statutory interpretation, which raises a question of law." **Sunealitis**, 153 A.3d at 421. This Court reviews questions of law under a *de novo* standard of review. **See id.**

Troell does not dispute that his prior record score is 0. At issue is the proper calculation of the OGS for aggravated indecent assault of a child. We first consider the relevant portions of the Crimes Code:

- 4 -

**(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however sight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent[.]

* * *

**(b) Aggravated indecent assault of a child.--**A person commits aggravated indecent assault of a child when the person violates subsection (a)(1) … and the complainant is less than 13 years of age.

**(c) Grading and sentences.--**

(1) An offense under subsection (a) is a felony of the second degree.

(2) An offense under subsection (b) is a felony of the first degree.

18 Pa.C.S.A. § 3125.

By its terms, a conviction under subsection 3125(b) requires both that the complainant be less than 13 years of age and a violation of subsection 3125(a)(1)-(6). ***See generally Commonwealth v. Velez***, 51 A.3d 260, 265 (Pa. Super. 2012). When both requirements are met, subsection 3125(c) contemplates an offense with a higher grading. Therefore, the statutory scheme evinces an intent to impose a higher sentence for offenses committed under subsection 3125(a) with the aggravating circumstance of a child victim.

Turning to the offense listing and relevant OGS designations, the Sentencing Guidelines instruct that the OGS is assigned to an offense based on the elements and classification of the crime. *See* 204 Pa. Code § 303.3(a). Section 303.15 lists offenses along with their corresponding grading and OGS. The omnibus offense gravity score is applied when a particular offense is not listed in 204 Pa. Code § 303.15 (Offense Listing). *See* 204 Pa. Code § 303.3(f). For a first-degree felony with a statutory maximum of 8 years, the omnibus offense gravity score is 8. ***See id.***

Section 303.15 of the Sentencing Guidelines does not list subsection 3125(b) as a separate offense. However, it encompasses two listings for each part of subsection 3125(a). For example, the offense of aggravated indecent assault without consent under subsection 3125(a)(1) is categorized as a second-degree felony with an OGS of 10; aggravated indecent assault of a child without consent (victim less than 13 years of age), though still designated under 3125(a)(1), is categorized as a first-degree felony with an OGS of 12. ***See*** 204 Pa. Code § 303.15. This construction also supports the conclusion that the legislature intended to allow for a higher sentencing range where the aggravating circumstance of the complainant's young age increases the offense grading.

Here, the Commonwealth charged Troell with aggravated indecent assault of a child pursuant to subsection 3125(b). In the Criminal Information, the Commonwealth alleged that Troell penetrated the genitals or anus of the

complainant while she was less than 13 years of age and without her consent, thereby mimicking the language of subsection 3125(a)(1). Troell entered a guilty plea under 3125(b) and did not contest the factual basis supporting the charge. Based upon the construction of the criminal statute and the offense listings as set forth above, we conclude the trial court properly applied an OGS of 12 when sentencing Troell for aggravated indecent assault of a child.[3]

Therefore, the trial court did not abuse its discretion in fashioning a standard-range sentence based on an OGS of 12. We affirm Troell's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2023

---

[3] In any event, because the omnibus offense gravity score would be lower than that applied to a conviction under subsection 3125(a), we cannot conclude that the legislature or sentencing commission intended for it to apply under these circumstances.