J-S32037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D ANGELO THOMAS | : | |
| | : | |
| Appellant | : | No. 885 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001307-2022

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:         **FILED SEPTEMBER 23, 2024**

Appellant, D Angelo Thomas, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to two counts of third-degree murder and one count each of conspiracy and carrying a firearm without a license.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 9, 2021, Appellant and his co-conspirator, Russell Hill, approached a group of people sitting on a porch in North Philadelphia. As they came closer, the two men began shooting. As a result of this incident, Markel Amir Smith Rafi and S.L. (a minor) were killed, and two other victims were injured.

On September 26, 2023, Appellant entered an open guilty plea to the above-mentioned charges. On December 15, 2023, with the benefit of a pre-

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 6106, respectively.

sentence investigation ("PSI") report and mental health evaluation, the trial court sentenced Appellant to an aggregate term of 31 to 62 years' incarceration.[2] On December 21, 2023, Appellant timely filed a post-sentence motion, arguing that the court had focused solely on the seriousness of the offenses while ignoring mitigating circumstances. Additionally, Appellant contended that the court had imposed consecutive sentences without adequate reasons. On February 28, 2024, the court denied the post-sentence motion.

Appellant timely filed a notice of appeal on March 15, 2024. On March 18, 2024, the trial court ordered Appellant to file a Pa.R.A.P. concise statement of errors complained of on appeal. On March 21, 2024, Appellant timely complied.

On appeal, Appellant raises a single issue for our review:

> Did the trial court abuse its discretion in imposing an aggregate sentence of thirty-one (31) to sixty-two (62) years following the entry of an open guilty plea?

(Appellant's Brief at 5).

Appellant argues that the court failed to properly consider sentencing factors enumerated in the Sentencing Code. Specifically, Appellant contends that the trial court failed to consider mitigating evidence which included: his statement, remorse, and acceptance of responsibility, as well as his

---

[2] Appellant received consecutive 15-to-30-year terms for each murder, a concurrent term of 8 to 16 years' imprisonment for conspiracy, and a consecutive term of 1 to 2 years' incarceration for the firearms charge.

background, upbringing, and specific needs for rehabilitation. Appellant asserts that the court concentrated solely on the gravity of the offense, and the court imposed consecutive sentences without sufficient justification. As presented, Appellant's issue challenges the discretionary aspects of sentencing. *See Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public or defendant's rehabilitative needs concerns court's sentencing discretion); *Commonwealth v. Austin*, 66 A.3d 798 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved

at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Troell**, 290 A.3d 296, 299 (Pa.Super. 2023) (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010)).

Generally, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545 (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995),

*appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Nevertheless, this Court has held that a claim that the court failed to consider factors set forth under Section 9721(b) and focused solely on the seriousness of defendant's offense raised a substantial question. **See Commonwealth v. Trimble**, 615 A.2d 48 (Pa.Super. 1992). **See also Commonwealth v. Caldwell**, 117 A.3d 763 (Pa.Super. 2015), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (noting that this Court has held that excessive sentence claim, in conjunction with assertion that court failed to consider mitigating factors, raises substantial question).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion, filed a timely notice of appeal, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's claims arguably raise substantial questions for our review. **See id.**; **Trimble, supra**. Thus, we proceed to address the merits of Appellant's sentencing issue.

"[S]entencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion." **Commonwealth v. Schroat**, 272 A.3d 523, 527 (Pa.Super 2022). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.** at 527-28. Additionally, "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court

discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005). *See also* 42 Pa.C.S.A. § 9721. A trial court does not abuse this discretion unless the sentence is "grossly disparate" to the conduct at issue, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 599 (Pa.Super. 2010). *See also Commonwealth v. Zirkle*, 107 A.3d 127, 134 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (reiterating that defendant is not entitled to "volume discount" for his crimes).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Moreover, where the sentencing court had the benefit of a PSI report, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory

factors. ***Commonwealth v. Tirado***, 870 A.2d 362, 366 n.6 (Pa.Super. 2005).

Instantly, the trial court acknowledged that it had considered the PSI and mental health evaluation prepared on Appellant's behalf. (***See*** N.T. Sentencing, 12/15/23, at 5). The court discussed, at length, Appellant's background, including his supportive parents, some traumatic events he had experienced in the past, and his struggles with addiction and his mental health. (***See id.*** at 5-14). The court noted, specifically, its frustrations that Appellant

> came from a background that, normally, most defendants in this courtroom—and I'm not saying this to hear myself speak, but they would have been jealous of you. They would have been jealous of you because they didn't have a father figure in their house. They didn't have a mother who was clean, who was working. They didn't have both parents. You had it all. And I'm going to hear from your attorney, but, quite frankly, you just threw it all away.

(***Id.*** at 13-14). Additionally, the court heard victim impact statements from the decedents' families. (***Id.*** at 21-38). At the conclusion of the hearing, the court noted that the only reason Appellant was getting a sentence "that light is because you pled." (***Id.*** at 45).

In its opinion, the trial court further explained:

> While this [c]ourt certainly did consider the gravity of the offenses and impact on the community and the victims' families, it was also aware of all the relevant mitigating factors and took them into account. This [c]ourt heard from the decedent Smith-Rafi's father about the devastating impact his son's murder had on the family, wreaking havoc on Smith-Rafi's siblings' mental well-being by instilling in

them a fear of going outside and an inability to show emotions, as well as triggering nightmares. This [c]ourt heard from Smith-Rafi's mother about the pain his death caused and how her family has not been the same since Smith-Rafi was killed. This [c]ourt heard from the decedent S.L.'s mother, who told of her son's dreams of becoming a carpenter and the depression she suffers from since his murder.

This [c]ourt considered [Appellant's] age, family support, school record, mental health history, employment history, drug abuse, and the fact that he accepted responsibility by pleading guilty in fashioning its sentence. This [c]ourt reviewed character letters written on behalf of [Appellant,] including one written by a program manager at Aspira Academy about his time at the facility as a juvenile and one from [Appellant's] aunt. After weighing all the relevant factors, this [c]ourt arrived at [a] well-reasoned and just sentence. Any less of a sentence would denigrate the seriousness of the offenses and the debilitating impact that these murders had on the community.

(Trial Court Opinion, filed 4/23/24, at 7).

On this record, we cannot say that the court abused its sentencing discretion. *See Schroat, supra*. The conduct at issue here does not render imposition of consecutive 15-to-30-year sentences for the murders, and a consecutive sentence of 1-to-2 years' imprisonment for the firearms offense, patently unreasonable. *See Gonzalez–Dejusus, supra*. Moreover, the court had the benefit of a PSI report. Therefore, we can presume the court appropriately considered the relevant mitigating factors when fashioning Appellant's sentence. *See Tirado, supra*. For these reasons, we conclude Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/23/2024