J-S30015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v. :
:
:
:
MATTHEW RAY FULLER :
:
Appellant : No. 1697 MDA 2023

Appeal from the PCRA Order Entered November 24, 2023
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001769-2017

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: NOVEMBER 19, 2024**

Matthew Ray Fuller appeals from the order entered on November 24, 2023, denying his motion to modify sentence as untimely. Because we are without jurisdiction to hear this untimely appeal, we quash.

Before we address the merits of this appeal, we note **with extreme displeasure** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In **Pappas**, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." **Id.** We echo that

---

[*] Former Justice specially assigned to the Superior Court.

opinion and remind the Commonwealth of its obligation to file an advocate's brief in future appeals.

Fuller pled nolo contendere to unlawful contact with minor and corruption of minors on March 6, 2018, pursuant to a negotiated plea deal.[1] The court imposed the negotiated sentence of 40 months to 8 years' incarceration on June 6, 2018. However, after sentencing, it was discovered Fuller's prior record score ("PRS") was calculated incorrectly. Fuller filed a petition to file a post-sentence motion nunc pro tunc, and the court scheduled a hearing on the request. On September 10, 2018, upon agreement of the parties, the court granted Fuller's petition and post-sentence motion and imposed a new negotiated sentence of 30 months to 8 years' incarceration. Fuller did not file a direct appeal.

The instant motion to modify sentence was filed on November 19, 2023. The court denied the motion as an untimely post-sentence motion. Fuller filed a notice of appeal and complied with the court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

We first consider whether the trial court properly found Fuller's motion was an untimely post-sentence motion, as this implicates our jurisdiction. **See Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa. Super. 2016) (noting this Court may consider the issue of jurisdiction sua sponte).

_____

[1] 18 Pa.C.S.A. §§ 6318(a)(5) and 6301(a)(1)(ii), respectively.

Fuller's motion to modify sentence claimed the court utilized the incorrect sentencing guideline ranges in imposing his sentence because it used the wrong offense gravity score ("OGS"). This allegation raises a discretionary aspect of sentencing claim. **See Commonwealth v. Troell**, 290 A.3d 296, 299 (Pa. Super. 2023) (noting a claim that the trial court miscalculated the OGS is a challenge to the discretionary aspects of sentencing). Therefore, the trial court properly treated Fuller's written request for relief as a post-sentence motion. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) (requests for relief on the basis of the discretionary aspects of sentence must be treated as a post-sentence motion); **see also** Motion to Modify and Reduce Sentence, 11/20/23, at 1 (asserting motion was filed "pursuant to Rule 720"); Pa.R.Crim.P. 720.

Rule 720 states "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). Fuller's instant motion was filed over 5 years after imposition of sentence. Therefore, the court properly denied the motion as untimely.[2]

---

[2] As the trial court aptly noted, "[e]ven if [Fuller's] latest claim could be considered to be a [r]equest for [r]elief under the Post-Conviction Relief Act [("PCRA")], it would still be considered untimely because it was filed more than one (1) year after the date on which his conviction became final." Order, 11/24/23, at 4. However, this claim is not cognizable under the PCRA as it challenges the discretionary aspects of his sentence. **See Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019) ("claims regarding the discretionary aspects of sentence are not cognizable under the PCRA.") (citation omitted).

Because the motion was untimely, it did not toll Fuller's direct appeal rights, and we are without jurisdiction to hear this untimely appeal. ***See Wrecks***, 934 A.2d at 1289; ***see also Commonwealth v. Saunders***, 1268 WDA 2022, at * 2 (Pa. Super. filed May 26, 2023) (unpublished memorandum) (holding an untimely post-sentence motion challenging the discretionary aspects of sentencing does "not toll the requirement that Saunders raise his claim in a timely direct appeal.").[3] Therefore, we quash Fuller's appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024

---

[3] Unpublished decisions filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).