J-S45042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS H. JONES | : | |
| | : | |
| Appellant | : | No. 328 MDA 2024 |

Appeal from the PCRA Order Entered January 31, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002461-2014

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MARCH 13, 2025**

Travis H. Jones appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed a no-merit brief and a petition to withdraw as counsel pursuant to **Turner/Finley**.[1] We affirm and grant counsel's petition to withdraw.

In 2016, Jones was convicted of two counts of possession of a firearm prohibited and one count of possession of firearm with altered manufacturer's number following the shooting of Raheem Clark.[2] The court sentenced him to an aggregate term of 16 to 30 years' incarceration. We affirmed the judgment of sentence. **See Commonwealth v. Jones**, 172 A.3d 1139 (Pa.Super. 2017), *appeal denied*, 187 A.3d 909 (Pa. 2018).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 6105(a)(1) and 6110.2(a), respectively.

Jones filed the instant, timely, *pro se* PCRA petition in June 2019. **See**

*Pro Se* PCRA Petition, filed 6/14/19. Jones challenged the effectiveness of

"direct appeal counsel", the legality of his police interrogation, and the

admission of evidence. **See id.** at 4.[3] The court appointed counsel, who filed

a no-merit letter and a petition to withdraw as counsel. After a hearing, the

court granted counsel's withdrawal request and dismissed Jones' petition. **See**

Order, 12/28/21; Order, 1/31/24. Jones filed a timely *pro se* notice of appeal

and a Petition for Appointed Counsel. **See** Petition for Appointed Counsel, filed

4/27/24. The court appointed counsel, who then filed a **Turner/Finley** brief

and an application to withdraw in this Court.[4]

When counsel files a brief pursuant to **Turner/Finley**, we must first

determine whether the brief meets the procedural requirements of

**Turner/Finley**. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721

(Pa.Super. 2007). "A **Turner/Finley** brief must: (1) detail the nature and

extent of counsel's review of the case; (2) list each issue the petitioner wishes

---

[3] Jones referred to Joanna B. Smith, Esq. as "direct appeal counsel" in his PCRA petition. However, Attorney Smith was Jones' trial counsel after Jones' previous trial counsel, Steven W. Geist, Esq., was permitted to withdraw.

[4] **But see Commonwealth v. Starks**, No. 1218 MDA 2022, 2023 WL 9016520, at *9-*10 (Pa.Super. 2023) (unpublished mem.) ("when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the [R]ules of [C]riminal [P]rocedure and when that right has been fully vindicated by counsel being permitted to withdraw under [**Turner/Finley**] new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be" (quoting **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa.Super. 1989)).

to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa.Super. 2019). Counsel must send the petitioner a copy of the brief and the petition to withdraw, and advise the petitioner of the right to retain private counsel or proceed *pro se*. ***See id.*** If counsel's brief meets these requirements, this Court then conducts an independent review of the issues. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016).

Here, the brief meets all the requirements. While counsel did not describe in detail the extent of his review of the case, it is clear from his discussion of each issue that he reviewed the record. Counsel also evaluated Jones' five issues and thoroughly explained his reasoning for concluding that they were meritless. Additionally, counsel advised Jones of his right to retain private counsel or proceed *pro se* and sent Jones a copy of the ***Turner/Finley*** brief and petition to withdraw. We now conduct an independent review of Jones' issues.

In his ***Turner/Finley*** brief, counsel identified the following issues:

> I. Whether the arresting officers violated [Jones'] ***Miranda*** Rights.
>
> II. Whether the Commonwealth withheld exculpatory evidence pursuant to ***Brady v[.] Maryland***, 373 U.S. 83 (1963).
>
> III. Whether the trial court committed an error of law or abused its discretion in failing to dismiss the underlying charges pursuant to Pa. R. Crim. P[.] 600.
>
> IV. Whether trial counsel was ineffective in filing a Motion to Withdraw as Counsel on January 4, 2016.

> V. Whether the trial court committed an abuse of discretion or error of law in issuing an illegal sentence.

***Turner/Finley*** Br. at 1.

We review the denial of PCRA relief by determining "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted).

Counsel identified an issue regarding an alleged violation of Jones' ***Miranda*** rights.[5] Jones claims that officers violated his ***Miranda*** rights by continuing to interview him after he asked for counsel. This claim is meritless.

A petitioner's claim may be considered "waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Jones could have raised the alleged ***Miranda*** violation on direct appeal. As such, this issue is waived. ***See Commonwealth v. Reyes***, 870 A.2d 888, 895 (Pa. 2005) (finding ***Miranda*** issue waived where petitioner could have raised the issue on direct appeal).

Next, counsel identified an issue of a ***Brady*** violation. Jones claims that he was not given transcripts from the Rule 600 hearing, jury trial, and sentencing.

A ***Brady*** violation claim requires the petitioner to plead and prove that "the prosecution suppressed the evidence, either willfully or inadvertently; the

---

[5] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

evidence is favorable to the defense; and the evidence is material." ***Commonwealth v. Birdsong***, 24 A.3d 319, 327 (Pa. 2011). The petitioner must also "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." ***Commonwealth v. Haskins***, 60 A.3d 538, 547 (Pa.Super. 2012) (citation omitted). The evidence must also be within the exclusive control of the prosecution at the time of trial. ***See id.*** Therefore, no ***Brady*** violation exists "when the evidence was available to the defense from a non-governmental source." ***Id.***

Jones' ***Brady*** claim is meritless. In his PCRA petition, he alleged that his trial counsel did not give him the transcripts. These allegations fail to meet any of the prongs for ***Brady***. Jones failed to plead that the Commonwealth suppressed the transcripts, that they were favorable to his defense, or that the transcripts were material. ***See Birdsong***, 24 A.3d at 327. Moreover, "publicly available transcripts of court proceedings are not ***Brady*** material," as they are equally available to the prosecution and defense. ***Commonwealth v. Maisonet***, 31 A.3d 689, 697 (Pa. 2011).

Counsel also raises an allegation that the trial court erroneously failed to dismiss the charges pursuant to Rule 600. This issue is waived because Jones did not raise it in his PCRA petition. ***See*** Pa.R.A.P. 302(a) (issues raised for the first time on appeal are waived); ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (holding that issues not raised in a PCRA petition cannot be considered on appeal). The PCRA petition raised the issue indirectly, as an ineffectiveness claim, but did not directly claim a Rule 600 violation,

which would not be cognizable under the PCRA in any event. **See** *Pro Se* PCRA Petition at 4 (alleging that direct appeal counsel "was ineffective for failing to raise a properly preserved Rule 600 issue").

Next, counsel identifies a claim alleging that Attorney Geist was ineffective for moving to withdraw in January 2016. This claim is waived because Jones did not raise it in his PCRA petition. **See** Pa.R.A.P. 302(a); **Ousley**, 21 A.3d at 1242; PCRA Petition at 4 (raising ineffective assistance of counsel claims for Attorney Smith).

Counsel's final issue challenges the legality of Jones's sentence for possession of firearm with altered manufacturer's number. **See** 18 Pa.C.S.A. § 6110.2. Jones argues that his sentence was illegal because the trial court used the wrong offense gravity score. **See Turner/Finley** Br. at 5, 9. Counsel notes that Jones did not raise this issue in his PCRA petition but that an illegality claim cannot be waived.

This claim goes to discretionary aspects of sentencing, not the legality of the sentence. **See Commonwealth v. Troell**, 290 A.3d 296, 299 (Pa.Super. 2023). It is therefore waived for not being raised below, and moreover, such claims are not cognizable under the PCRA.

Further, we have conducted an independent review of the record and have found no non-meritless issue. Accordingly, we grant counsel's petition to withdraw and affirm the PCRA court's order denying post-conviction relief.

Petition to Withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025