J-S30020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF<br>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>ROBERT D. O'CONNOR</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 53 EDA 2025</td></tr>
</table>

Appeal from the Judgment of Sentence Entered November 21, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-000309-2024

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 16, 2025**

Robert D. O'Connor (Appellant) appeals from the judgment of sentence imposed following his guilty pleas to one count each of aggravated assault (attempts to cause bodily injury with a deadly weapon), carrying a firearm without a license, tampering with evidence, and possession of methamphetamine; and two counts of recklessly endangering another person (REAP).[1] Additionally, Appellant's counsel (Counsel) has filed a motion to withdraw and accompanying brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 6106(a)(1), 4910(1); 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. § 2705.

2009). We grant Counsel's motion to withdraw and affirm the judgment of sentence.

During Appellant's guilty plea hearing, the Commonwealth offered the following factual basis for the plea:

[O]n June [] 20, 2024, [Appellant] travelled by vehicle, a BMW, to [the address of Isaac Massey (Massey) in] Bethany Borough, Wayne County, P[ennsylvania]. [Appellant] was in possession of a loaded Taurus pistol. When [Appellant] arrived at [Massey's address], [Appellant] fired the Taurus pistol into the ground in the [] vicinity of [] Massey. [Appellant] also pointed the loaded Taurus pistol at [] Massey. [Appellant] went on to point the loaded Taurus pistol at Melinda Meglio [(Meglio)] and Kaylee Williams [(Williams)[2]] while demanding that [] Williams get in the BMW and leave with [Appellant]. Once [] Williams got in the BMW, [Appellant] again pointed the loaded pistol at [] Williams and told her that he would kill her if Massey or Meglio called the police. [Appellant] jammed the barrel of the loaded pistol into the side of Williams'[s] head while he was threatening her.

Subsequently, the Pennsylvania State Police [PSP] attempt[ed] to pull over [Appellant's] vehicle[, causing Appellant to flee]. During the pursuit, [Appellant] threw out of the window a bag of methamphetamine in an effort to conceal the methamphetamine from [the] PSP. [Appellant eventually came to a stop after one of his rear tires burst. *See* Affidavit of Probable Cause, 6/21/24, at 2.] When the PSP troopers arrested [Appellant], the loaded Taurus pistol was recovered from the BMW with a round in the chamber. On June 20, 2024, [Appellant] did not possess a valid lawfully issued license to carry a firearm in the vehicle. Furthermore, [Appellant] was not eligible to possess a valid license due to his extensive criminal record[,] which included a conviction on September 9, 2009[,] for attempted robbery, a felony, in Richmond Supreme Criminal Court, Staten Island, New York.

---

[2] Pertinent to this appeal, the affidavit of probable cause averred that Appellant and Williams "had broken up approx[imately] 1 month prior [to the incident]. [Williams] advised that [she and Appellant] have a child together." Affidavit of Probable Cause, 6/21/21, at 2.

N.T., 11/7/24, at 4-5 (footnote added).

On November 7, 2024, Appellant entered an open guilty plea to the above-stated offenses. In exchange, the Commonwealth withdrew numerous additional charges stemming from the incident. The trial court ordered a presentence investigation report, and scheduled a sentencing hearing, which occurred on November 21, 2024.

At his sentencing hearing, Appellant requested that the trial court refrain from applying the deadly weapon/used enhancement to his REAP convictions, as the enhancement would render him ineligible for the state drug treatment program. **See** N.T., 11/21/24, at 16; **see also** 61 Pa.C.S.A. § 4103 ("The term ['eligible person'] shall not include a person who is subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon…."). The trial court refused Appellant's request, and sentenced Appellant to an aggregate 48 to 108 months in prison, followed by one year of re-entry supervision.

It is undisputed that Appellant's prior record score (PRS) was 2. Pertinently, as part of its sentence, the trial court applied to Appellant's sentence for aggravated assault[3] the domestic violence sentencing enhancement (DV enhancement), which increased Appellant's offense gravity

---

[3] The trial court sentenced Appellant to 30 to 60 months in prison for his aggravated assault conviction.

- 3 -

score (OGS) for the offense from 12 to 14.[4]  Thus, the sentencing guidelines recommended a minimum sentence of 24 to less than 30 months' incarceration for Appellant's aggravated assault conviction.  **See** 204 Pa. Code § 303a.14.

On November 27, 2024, Appellant filed a post-sentence motion arguing that the trial court incorrectly determined that the pre-DV enhancement OGS for aggravated assault was 12.  Post-Sentence Motion, 11/27/24, ¶ 4. Appellant claimed that the OGS for aggravated assault should have been 11, which increased to 13 after application of the DV enhancement.  **Id.**

On November 29, 2024, the trial court denied Appellant's motion without a hearing.  Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement.  The trial court issued a Rule 1925(a) opinion.  On June 4, 2024, Counsel filed in this Court a motion to withdraw and **Anders** brief.  Appellant has not retained alternative counsel or filed a *pro se* response.

We address Counsel's petition to withdraw before considering the issue raised in the **Anders** brief.  **See Commonwealth v. Garang**, 9 A.3d 237,

---

[4] The DV enhancement requires, *inter alia*, that an offense committed under Chapter 25 of the Crimes Code, against "family or household members," have its OGS adjusted upward by two.  204 Pa. Code § 303a.3(b)(5)(iv); **id.** § 303a.12 (OGS enhancements table); **see also** 23 Pa.C.S.A. § 6102 (defining "family or household members" as "[s]pouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood.").

240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (citation omitted)).  Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to **Santiago**, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (quoting **Santiago**, 978 A.2d at 361).  Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous.  **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an **Anders** brief and a separate motion to withdraw from representation.  In his motion, Counsel indicated that he made "a conscientious review of the entire case," and concluded Appellant's appeal is frivolous.  Motion to Withdraw, 6/4/25, ¶ 3.  Additionally, Counsel sent a

letter to Appellant informing him of Counsel's intention to withdraw, and advising Appellant of his right to retain new counsel or proceed *pro se* to raise additional claims. ***See id.***, Exhibit A. Counsel furnished Appellant with copies of the motion to withdraw and the ***Anders*** brief. ***Id.*** The ***Anders*** brief summarizes the factual and procedural history of this appeal, identifies the sentencing issue Appellant wishes to raise, and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of ***Anders*** and ***Santiago***, we review the record to determine whether Appellant's appeal is wholly frivolous.

Counsel's ***Anders*** brief identifies the following issue Appellant wishes to raise on appeal:

> Did the trial court err in calculation [of Appellant's OGS] as a 14 instead of a 13 for the offense of aggravated assault – attempts bodily injury with a deadly weapon, thus causing his standard [] sentencing guideline [range] to be 24-<30 months, rather than 20-26 months?

***Anders*** Brief at 8 (numbering omitted; capitalization modified).

Appellant challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. ***See Commonwealth v. Torres***, 303 A.3d 1058, 1064 (Pa. Super. 2023); ***see also Commonwealth v. Williams***, 151 A.3d 621, 625 (Pa. Super. 2016) ("A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence." (citation omitted)). Instead, an appellant challenging the

discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

Instantly, Appellant filed a timely post-sentence motion challenging the trial court's alleged miscalculation of the OGS applicable to Appellant's aggravated assault conviction. Further, Appellant filed a timely notice of appeal, and Counsel's **Anders** brief includes the required Rule 2119(f) statement. In the Rule 2119(f) statement, Counsel sets forth Appellant's argument challenging the discretionary aspects of his sentence: "Appellant argues that the trial court committed error by using an [OGS] of 14 when imposing the sentence for [a]ggravated [a]ssault …." **Anders** Brief at 13.

We conclude Appellant's claim that the trial court incorrectly calculated the OGS for his aggravated assault conviction raises a substantial question. ***Commonwealth v. Troell***, 290 A.3d 296, 299 (Pa. Super. 2023) ("[A]n allegation that the trial court inappropriately calculated the [OGS of an offense] raises a substantial question." (citation omitted)).  Thus, we address the merits of Appellant's claim.

Appellant argues that application of the DV enhancement should only have raised the OGS for his aggravated assault conviction to 13, implicitly suggesting that the correct OGS for his pre-enhancement aggravated assault conviction was 11.  ***Anders*** Brief at 13; ***see also*** Post-Sentence Motion, 11/27/24, ¶ 4 ("[Appellant] avers that the … [DV e]nhancement should have only raised the OGS [of aggravated assault] 2 levels, from an 11 to 13, not a 14.").

Pertinently, in the instant case Appellant pled guilty to count two of the criminal information, aggravated assault (attempts to cause bodily injury with a deadly weapon), in violation of 18 Pa.C.S.A. § 2702(a)(4).  ***See*** Written Plea Colloquy, 11/3/24, at 8; Criminal Information, 7/31/24, at 1.  Appellant committed this offense on June 20, 2024; thus, the eighth edition of the sentencing guidelines applied at Appellant's sentencing hearing.  204 Pa. Code § 303a.2(a)(3) ("The sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines."); ***id.*** § 303a.8 (the eighth edition of the sentencing guidelines is effective from January 1, 2024).

The applicable offense listing indicates the OGS for aggravated assault (attempts to cause bodily injury with a deadly weapon) is **12**. *Id.* § 303a.9. As stated above, where applicable, the DV enhancement raises the OGS of an offense by two. *Id.* § 303a.12.[5]

As the record discloses the trial court applied the correct OGS, and utilized the correct sentencing guidelines for Appellant's aggravated assault conviction, Appellant's claim lacks merit and is frivolous. Further, because our independent review of the record reveals no issues of arguable merit that Appellant could raise, we grant Counsel's motion to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025

---

[5] Appellant did not challenge applicability of the DV enhancement at sentencing or in his post-sentence motion.