J-S03010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIRA ELOUISE BLUNT | : | |
| | : | |
| Appellant | : | No. 696 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 30, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000688-2023

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 1, 2026**

Appellant, Keira (Kevin) Blunt,[1] appeals from the January 30, 2024 judgment of sentence entered in the Lycoming County Court of Common Pleas, following his conviction for Person not to Possess a Firearm and Disorderly Conduct. Appellant challenges the discretionary aspects of his sentence of five to ten years of incarceration. Appellant's counsel, Howard Gold, Esq., has filed an **Anders**[2] Brief and an application to withdraw. After careful consideration, we affirm Appellant's judgment of sentence and grant counsel's application to withdraw.

This case arises from an incident on May 14, 2023, at the home of Appellant and his wife, Serena Simmons, when Ms. Simmons' son (Victim)

___

[1] At sentencing, Appellant was transitioning from female to male. Order, 1/30/24, at 2.

[2] **Anders v. California**, 386 U.S. 738 (1967).

visited her for Mother's Day. While Victim and his mother were talking on the porch, Appellant initially argued with Ms. Simmons about Victim being at the house. Later, Appellant again came out of the house and pulled a gun out of his waistband, before cocking and pointing it at Victim, while yelling at him to leave. After Victim left the house, police arrived and arrested Appellant.

At a November 17, 2023 jury trial, Victim testified to the events above, and the Commonwealth presented a photograph obtained from a neighbor's video surveillance camera, allegedly depicting Appellant with a gun. A responding police officer also testified to finding a loaded firearm on a couch inside the front door of the house. The defense stipulated to Appellant being a person prohibited from possessing a firearm. Appellant testified in his own defense, admitting to having a difficult relationship with Ms. Simmons' family, but denied having a gun and pointing it at Victim. At the conclusion of trial, the jury found Appellant guilty of Possession of Firearm Prohibited and Disorderly Conduct.[3]

At the January 30, 2024 sentencing hearing, the court indicated its receipt and awareness of Appellant's pre-sentence investigation report ("PSI"). At the hearing, the court heard from Appellant's reverend, who additionally submitted a letter in support of Appellant. The court also listened to Victim's aunt describe Victim's trauma and "how [Appellant] and his conduct tore the family apart." Trial Ct. Op., 4/29/25, at 4.

_____

[3] 18 Pa.C.S. §§ 6105(a)(1), 5503(a) respectively.

The court recognized that Appellant "apologized to the community and the family[,]" claimed "that he never had any opportunities for treatment" despite being in "jails and institutions since even before he was 18 years old," and alleged that the testosterone, taken while transitioning from female to male, was "messing with his mind[.]" *Id.* at 4, 6-7. The court additionally acknowledged a written statement by Appellant's wife. *Id.* at 8.

At the conclusion of the hearing, the trial court imposed a sentence of five to ten years of incarceration for Person not to Possess a Firearm, graded as second-degree felony because the firearm was loaded.[4] The sentence was in the mitigated range of the sentencing guidelines applicable to Appellant's offense gravity score ("OGS") of 11 and prior record score ("PRS") of 5, where the standard range was 72-90 months, or 6 to 7.5 years, of incarceration.[5]

The court explained that the sentence of 5 to 10 years of incarceration was dictated by the combination of the statutory requirement that the minimum sentence "not exceed one-half of the maximum sentence" and the

_____

[4] The court imposed no further penalty for Disorderly Conduct but included a one-year reentry supervision sentence pursuant to 61 Pa.C.S. § 6137.2(a). The court imposed the sentence consecutively to a revocation of parole sentence, which is not subject to this appeal.

[5] While Appellant does not dispute the calculation of an OGS of 11, we observe that the Sentencing Guidelines provide an OGS of 10 for a violation of Section 6105(a)(1), graded as a second-degree felony involving a loaded weapon. 204 Pa. Code § 303.15. Based on an OGS of 10 and a PRS of 5, the standard range would have been 5 to 6 years of incarceration. *Id.* at § 303.16(a). Under this calculation, Appellant's sentence of 5 to 10 years would have been in the standard rather than mitigated range, a distinction which does not alter our analysis in this appeal as discussed *infra*.

ten-year statutory maximum sentence for second-degree felonies.[6] Trial Ct. Op. at 7; **see** 42 Pa.C.S. § 9756(b)(1) (addressing minimum sentences), 18 Pa.C.S. § 1103(2) (providing statutory maximum of ten years for second-degree felony).

Following reinstatement of his right to file a post-sentence motion and an appeal, Appellant filed a post-sentence motion, challenging solely the discretionary aspects of his sentence. In denying the post-sentence motion, the court asserted that it had "properly weighed and considered all relevant factors" in imposing the sentence. Trial Ct. Op. at 5. The court recounted that the PSI indicated that Appellant "had behavioral issues as a child which resulted in re-homing through detention centers, group homes, and other hospitals[,]" had been "expelled from school for fighting[,] and had been on his own since he was 17 years of age." **Id.** at 6. The court noted that Appellant had outbursts and expressed anger at trial and sentencing, including against police and his attorney. **Id.** The court found that Appellant's anger issues were not solely due to his taking testosterone, as he "had behavioral issues since childhood." **Id.** at 6-7. The court summarized its reasons for imposing the sentence:

> The [c]ourt found that the amount of confinement was consistent with the need to protect the public from individuals brandishing a gun in that manner along with his past criminal history, the fact that he was on supervision at the time, how serious what he did

---

[6] Specifically, because the statutory maximum sentence was 10 years, the court recognized that it "could not impose a minimum sentence more than five years or 60 months[.]" Trial Ct. Op. at 7.

- 4 -

that day was and the impact on the one victim as was discussed at the time of the hearing.

*Id.* at 8.

Appellant filed a timely notice of appeal and complied with Pa.R.A.P. 1925(b). In its brief Pa.R.A.P. 1925(a) opinion, the court relied upon its April 29, 2025 opinion denying post-sentence motions.

Appellant presents the following issue on appeal:

Whether the [s]entencing [c]ourt abused its discretion in sentencing the Appellant to a period of incarceration, specifically five to ten years, when the Appellant provided and argued mitigating factors?

*Anders* Br. at 7.

As a preliminary matter, we address Attorney Gold's request to withdraw as counsel, as in such cases we "may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010).

In order for counsel to withdraw from an appeal pursuant to *Anders*, counsel must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

We conclude that counsel satisfied these requirements in his brief to this Court. Attorney Gold additionally confirms that he sent Appellant a copy of the **Anders** brief and his petition to withdraw, as well as a letter informing Appellant of his right to retain new counsel, proceed *pro se*, and to raise any additional points with this Court. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Appellant has not responded to counsel's **Anders** brief or his motion to withdraw.

As counsel satisfied the stated requirements, we will address the substantive issue raised in the **Anders** brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted); **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the appellate court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

As noted, Appellant seeks to challenge the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, we must determine if Appellant invoked our jurisdiction, which requires us to consider (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of

appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

We recognize that Appellant timely appealed, preserved his sentencing challenge in his post-sentence motion, and included a Rule 2119(f) statement in the *Anders* brief. Accordingly, we consider whether he has presented a substantial question for our review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and internal quotation marks omitted).

Appellant contends that he is asserting a substantial question because the sentencing court failed to consider fully his rehabilitative needs or his mitigation evidence, in violation of the Sentencing Code. *Anders* Br. at 13-16. We conclude that Appellant has not asserted a substantial question. As we have repeatedly held, "a claim of inadequate consideration of mitigating factors does not raise a substantial question[.]" *Commonwealth v.*

***Patterson***, 180 A.3d 1217, 1233 (Pa. Super. 2018) (citation omitted).[7] Similarly, in the absence of an excessive sentence claim, "a claim that the trial court failed to consider an appellant's rehabilitative needs fails to raise a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (citation omitted).[8] More broadly, "we have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014). Accordingly, we do not have jurisdiction to address Appellant's challenge to the discretionary aspects of his sentence.[9]

Moreover, even if Appellant could have framed a substantial question challenging the discretionary aspects of his sentence, we would conclude that Appellant's claim would fail on the merits. With respect to sentences within the sentencing guidelines, Section 9781(c) instructs that an appellate court

---

[7] We recognize, however, that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Banniger***, 303 A.3d 1085, 1096 (Pa. Super. 2023) (citation omitted). Appellant has not raised an excessive sentence claim in this case.

[8] ***But see Caldwell***, 117 A.3d at 770 (recognizing that a claim for failure to consider rehabilitative needs in conjunction with an excessive sentence claim raises a substantial question).

[9] As noted *supra*, it appears that the court and the parties miscalculated Appellant's OGS. We recognize that "an allegation that the trial court inappropriately calculated the offense gravity score raises a substantial question." ***Commonwealth v. Troell***, 290 A.3d 296, 299 (Pa. Super. 2023) (citation omitted). We conclude, however, that Appellant waived this specific challenge by failing to preserve it in his post-sentence motion.

should affirm the sentence imposed unless it finds that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Where, as here, a PSI report exists, we presume "that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Watson**, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted). Finally, we defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." **Commonwealth v. Summers**, 245 A.3d 686, 696 (Pa. Super. 2021) (citation omitted).

As set forth above, the sentencing court provided ample reasoning supporting a sentence of five to ten years of incarceration, after it reviewed Appellant's PSI and listened to the statements provided at the sentencing hearing. Furthermore, following our independent review, we discern no meritorious issues to be raised on appeal. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: _4/1/2026_