# Lifter *v.* Earle Co.

*Landlord and tenant—Receiver of tenant—Rent—Findings by auditor—Act of July 17, 1919, P. L. 1029.*

1. Prior to the Act of July 17, 1919, P. L. 1029, where a tenant's personal property passed into the hands of a receiver, and was sold by him, on distribution of the proceeds thereof, the landlord's claim for rent was not entitled to preference over that of general creditors.

2. Where the receiver of an insolvent corporation pays the rent during his occupancy, and then surrenders the premises, the landlord can recover nothing from the insolvent estate for rent thereafter accruing, where it appears he had expressly agreed when the

corporation took possession of the premises that it should be liable only so long as it remained in possession.

3. Where, in such case, it is expressly stipulated that the findings of fact by the auditor, of the account of the receiver, shall be accepted as accurate, the landlord can claim nothing under a clause in the lease providing for the restoration of the building to its original condition if the lessor so elects, if the auditor finds as a fact that the lessor did not so elect, and had not incurred any expense for that purpose.

Argued March 22, 1921. Appeal, No. 297, Jan. T., 1921, by Commonwealth Title Insurance & Trust Co. et al., Trustees, under will of Samuel Sternberger, deceased, from decree of C. P. No. 3, Phila. Co., Dec. T., 1917, No. 3329, dismissing exceptions to auditor's report, in case of Joseph J. Lifter, trading as Lifter Ice Cream Co. v. The Earle Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of William Findlay Brown, Esq., auditor.

The opinion of the Supreme Court states the facts.

The court dismissed exceptions to auditor's report. Commonwealth Title Insurance & Trust Co. et al., trustees of Samuel Sternberger, deceased, landlord, appealed.

*Error assigned,* was decree, quoting it.

*George P. Rich,* for appellant, cited: Lifter v. Earle Co., 261 Pa. 450.

*Morris Wolf, Bernard Illoway* and *Alfred Aarons,* for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, May 16, 1921:

In 1905, George B. Wilson, then the owner of premises 1019-1021 Market Street, Philadelphia, made a lease thereof to Berg Brothers, a partnership, for the term of

eighteen years, beginning January 1, 1906, at an annual rental of $11,000 and the taxes. The business of the lessees necessitated important changes in the premises; and among the covenants to be performed on their part in the lease is, "On further conditions, that, on the termination of their tenancy, they shall, at the lessor's option, restore the said building, so far as the several changes, or such part of them as the lessor may elect, are concerned, to its original condition, provided that so many thereof as the lessor may determine shall remain for his benefit." In 1906, Samuel Sternberger became owner and landlord of the premises. Thereafter, Berg Brothers were chartered as a corporation and as such became the tenant of the premises. Sternberger did not release the partners, however, from their liability under the lease, but took a stipulation from the corporation, agreeing to be liable to him, "on all the covenants of the lease and for due compliance with its terms and conditions so long as it remained in possession of the premises under the said assignment." The name of the corporation was changed to "The Earle Company" and for it a receiver was appointed, who took possession of the premises on January 18, 1918, and retained the same until the 21st of the following March, when they were surrendered to Sternberger. The receiver filed an account and an auditor was appointed to make distribution; to whom Sternberger presented a claim of $7,900 taxes for the year 1917, which as above stated was part of the rent, also a claim for $550 rent from the 1st to the 18th of January, 1918, These the auditor allowed, but not as preferred claims. The rent, however, was paid in full as a preferred claim for the time the receiver occupied the premises. Sternberger presented a further claim for rent for the balance of the year 1918, amounting to $8,536, and $6,289 unpaid taxes for that year; the former was rejected and the latter allowed for the reason that annual taxes became a fixed liability on the first day of the year.

Sternberger also presented various items aggregating $6,100, as the estimated cost of restoring the premises to their condition before the changes were made; this included $2,000 as the expense of removing a sprinkler system. These the auditor rejected on the ground that the lessor did not elect to have any of the improvements removed or the building restored to its original condition. The court entered a decree confirming the auditor's report and therefrom Sternberger's executors have brought this appeal.

Prior to the Act of July 17, 1919, P. L. 1029, where a tenant's personal property passed into the hands of a receiver and was sold by him, on distribution of the proceeds thereof, the landlord's claim for rent was not entitled to preference over that of general creditors: Grayson v. Aiman, Inc., 252 Pa. 461.

The liability of the defendant corporation for the rent was, as above stated, expressly limited to the time it occupied the premises and, therefore, ended with the appointment of the receiver, January 18, 1918. As the latter paid the rent in full during his occupancy, the Sternberger estate has no further claim upon the assets of the corporation for rent accruing that year, whatever its rights might be against the individual partners under the original lease.

By express stipulation, the auditor's findings of the facts are accepted as accurate; hence, we must assume that the landlord elected not to have the building restored to its original condition and has not incurred any expenditure for that purpose, "but on the contrary has preferred to make an entirely different construction which makes the expenditure of these moneys by the estate for these purposes unnecessary and impossible." This applies to all the items of restoration except frame partitions, and as to these the auditor finds the lessor has not rebuilt them and has no definite intention of so doing, and that there is no evidence as to what it would cost to rebuild the same at some future time. The lessor

has used the sprinkler system in the construction of a larger one and thereby saved $2,000. Under such circumstances the auditor properly rejected appellants' claim for the expense of restoration of the leased premises.

The decree is affirmed at the costs of appellants.