Globe Solvents, Inc. et al. *v.* Nouskhajian, Trustee (et al., Appellants).

Argued November 20, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Albert M. Hankin,* for appellants.

*Louis Greenblatt,* with him *John N. Ouzounian,* for appellee.

Opinion by Keller, P. J., April 14, 1942:

This is another phase of the litigation before us in No. 59 October Term, 1941, wherein John Kerbeck, intervening defendant, appealed from the decree of the court below, sitting in equity, dismissing his preliminary objections to the bill of complaint, and refusing to revoke the appointment of a receiver to preserve the property of the defendant. See *Globe Solvents, Inc. et al. v. Nouskhajian, Trustee,* trading as *O. K. Dry Cleaners and Dyers et al.,* 148 Pa. Superior Ct. 209, 24 A. 2d 687 (Rhodes, J.).

The present appeal is by the lessors of the real estate occupied by the defendant from the decree of the court distributing the balance in the hands of the receiver. It relates only to the rent due by the tenant (defendant) from February 2, 1938 to March 18, 1938, the date when the receiver took possession of the premises. The rental accruing after the receiver took possession, was paid by him as part of the expenses of the receivership *(Lane v. Washington Hotel Co.,* 190 Pa. 230, 235-6, 42 A. 697; *Sloan & Zook Co. v. Lyons Ref. Co.,* 290 Pa. 442, 445-6, 139 A. 133), and is not here involved.

The business proved to be insolvent, and the balance in the receiver's hands was ordered by the court to be distributed in the following order of priority: 1. Administration expenses. 2. Federal taxes. 3. Wage

claims. 4. State unemployment compensation taxes (contributions). 5. Appellants' rent claim. 6. Unpaid workmen's compensation insurance premium. As these more than consumed the fund in the hands of the receiver, nothing was left for (7) general creditors or (8) the certificate holders of the defendant. In fact, if the foregoing order is followed, the appellants' rent claim will not be reached. They accordingly appealed to this court, and claim that they are entitled to priority of payment over administration expenses.

They base their claim upon the Act of July 17, 1919, P. L. 1029, 39 PS §96, entitled, An act to provide for payment of rent in receivership proceedings and insolvency proceedings against tenants. The act is set forth in the margin[1]. Prior to this act, where a tenant's personal property passed into the hands of a *receiver* and was sold by him, on distribution of the proceeds the landlord's claim for rent was not entitled to preference over that of general creditors: *Lifter v. Earle Co.*, 270 Pa. 496, 499, 113 A. 665; *Grayson v. Ai-*

---

[1] "Be it enacted, &c., That in all cases where a tenant or tenants become insolvent, and any assignment for the benefit of creditors is executed, or a receiver is legally appointed for, or bankruptcy or other insolvency proceedings are instituted either by or against, the tenant or tenants, covering goods and chattels upon demised premises and which are liable to distress by the landlord for rent, the landlord shall be first entitled to receive out of the proceeds of the sale of such goods and chattels by the legal representatives of the tenant any sum or sums of money due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceedings, not exceeding one year's rent: Provided, That if the proceeds of the sale by the legal representatives of the tenant shall not be sufficient to pay the landlord and the costs of the insolvency proceedings, the landlord shall be entitled to receive the proceeds of sale after deducting so much for costs as the landlord would be liable to pay in case of a sale under distress. Nothing in this act shall be construed to deprive any person of preference for wages now secured by law in any insolvency or receivership proceedings."

*man, Inc.*, 252 Pa. 461, 97 A. 695. The act secured to the landlord the same preferential right to his rent from the proceeds of personal property, subject to distress for rent, sold by the receiver, as was given him out of the proceeds of a sheriff's sale of the tenant's personal property liable to distress for rent, by the Act of June 16, 1836, P. L. 755, sections 83-85; and out of the proceeds of sale of the tenant's personal property liable to such distress by an assignee for the benefit of creditors, by the Act of May 26, 1891, P. L. 122, No. 113: *General Tire & Rubber Co. v. General Tire & Sales Co.*, 93 Pa. Superior Ct. 173, 177.

The proviso in the Act of 1919, relied upon by appellants, is not new. It reads as follows: "Provided, That if the proceeds of the sale by the legal representatives [assignee or receiver, etc.] of the tenant shall not be sufficient to pay the landlord and the costs of the insolvency proceedings, the landlord shall be entitled to receive the proceeds of sale after deducting so much for costs as the landlord would be liable to pay in case of a sale under distress." The same clause appears almost verbatim in section 84 of the Act of 1836, supra, substituting "the costs of the execution" for "the costs of the insolvency proceedings"; and in the Act of 1891, supra, substituting "the costs of the assignment" for "the costs of the insolvency proceedings". See also, Act of March 21, 1772, sec. IV, 1 Sm. L. 370, 371.

The clear intent of the proviso was to discourage executions, assignments for the benefit of creditors, and receivership and insolvency proceedings, where the estate was so small that it would not be sufficient to pay both the rent and the costs, and thus, for the probable benefit of the execution creditor or the general creditors of the tenant, would deplete the landlord's prior claim, unless this proviso were inserted, which, in such case, limited the costs chargeable to the landlord to what he would have been liable to pay in case of a sale under a distress for rent. See *Barnes'*

*Appeal,* 76 Pa. 50, 52; *Timmes v. Metz,* 156 Pa. 384, 27 A. 248; *Leaming's App.,* 5 W.N.C. 221; *Wadas v. Sharp,* 27 Pa. Superior Ct. 233; *Parker & Keller's App.,* 5 Pa. 390; *Greider's App.,* 5 Pa. 422.

But this rule, which is applicable in a contest between the landlord and general creditors, should not be applied where there are claims entitled to preference over the landlord's claim for rent, which necessitate the proceedings resulting in the sale of the tenant's goods. In such case, where the landlord has not distrained for his rent prior to the execution, assignment or appointment of receiver,[2] the reasonable costs necessary for the proceeding and sale will follow the usual course and be first paid out of the proceeds of sale before any distribution among the creditors in the order of their priority: *Wood v. Wood,* 312 Pa. 374, 380, 167 A. 600; *Bauer v. Wilkes-Barre Light Co.,* 274 Pa. 165, 169, 117 A. 920; *Phillippi v. Beckman, Secy.,* 135 Pa. Superior Ct. 268, 272, 5 A. 2d 430.

The Act of 1919, supra, recognized that such prior claims might exist, for it specifically provided, "Nothing in this Act shall be construed to deprive any person of preference for wages now secured by law[3] in any insolvency or receivership proceedings." The acts cited in note 3 give wages priority over rents, which accrued *before* the receiver entered into possession of the real estate by virtue of his appointment: *Sloan & Zook Co. v. Lyons Ref. Co.,* supra.

So, too, by the Revised Statutes of the United States, sec. 3466, U. S. Code, Title 31, sec. 191, in the distribution of an insolvent estate indebted to the United States,

---

[2] See *Carlenwright L. & B. Co's Insolvent Estate,* 44 Pa. Superior Ct. 640; Act of June 22, 1931, P. L. 889.

[3] See Act of April 9, 1872, P. L. 47, and its supplements and amendments of June 12, 1878, P. L. 207; June 13, 1883, P. L. 116; June 3, 1887, P. L. 337; May 12, 1891, P. L. 54; 43 PS §§221, 222, 230, etc.; *Appeal of Riddlesburg C. & I. Co.,* 114 Pa. 58, 6 A. 381.

priority is given to the United States. As the proceedings in question were not instituted under the Federal Bankruptcy Act, sec. 3466 governs rather than section 64 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 563, and its amendments, U. S. Code, Title 11, sec. 104; *United States v. Emory et al.,* 313 U. S., 552, 62 Sup. Ct. 317 (1941); *United States v. Texas et al.,* 313 U. S. 554, BYRNES, J., decided December 22, 1941. See also, *Kuhn's Est.,* 146 Pa. Superior Ct. 1, 21 A. 2d 513; *Winter's Est.,* 146 Pa. Superior Ct. 371, 22 A. 2d 609.

And Section 310 of our Unemployment Compensation Law (Act of December 5, 1936, P. L. 1937, p. 2897, 43 PS §790), provides that in the distribution of an employer's assets under any receivership, *contributions* due by the employer to the Commonwealth of Pennsylvania under said act shall be paid in full prior to all other claims except taxes, claims arising under the Workmen's Compensation Act of 1915 (P. L. 736) and its amendments and supplements, and claims for wages not exceeding $250 to each claimant, earned within six months of the commencement of the proceeding. See *Booth & Flinn, Ltd. v. Miller,* 237 Pa. 297, 307, 85 A. 457. Of course, such contributions are also subordinated in payment to debts due the United States.

We think the court below was right in holding that the claim of Alexander Maxwell, for the balance due him as a premium on a policy of workmen's compensation insurance, while made a preferred claim in insolvency proceedings and receiverships by the Act of May 24, 1933, P. L. 983 (40 PS §812, supp.), *subject to the prior preference of claims for wages,* was also subject to prior preference of contributions due the Commonwealth under the Unemployment Compensation Law and the appellants' preferred claim for rent. He has not appealed.

We have here, then, not a contest between a landlord's rent claim and the claims of general creditors,

but rather a contest between several classes of preferred creditors, to wit, the claim of a landlord for rent accruing prior to the receivership and other claims given priority over the landlord's claim by the laws of the United States and this Commonwealth. In order to make a proper distribution of the estate among these preferred claims, according to their priority, it was necessary to raise this receivership, to conserve and make disposition of the assets, and the reasonable expenses incident to administering the receivership and distributing the assets to those entitled to them became a first charge against the fund so raised, justifying its primary position in the order of distribution by the court. See *Bauer v. Wilkes-Barre Light Co.*, supra, p. 169; *Sloan & Zook Co. v. Lyons Ref. Co.*, supra, p. 447. While this sets aside the order fixed in the Act of 1919, the result is due to the fact that that act was dealing with priority of payment between the landlord and general creditors, and the preference of the landlord's claim over the costs of the insolvency proceedings was limited to cases where the proceeds of sale were not sufficient to pay both costs and rent, for the reason above set forth; while here there was more than enough to pay both, but prior preferred claims used up the fund before the appellants' rent claim could be reached. In such case, the language of the present Chief Justice in *Sloan & Zook Co. v. Lyons Ref. Co.*, supra, applies: "It will be noticed that the Act [May 12, 1891, P. L. 54] provides that money which may be due for labor shall be a lien upon the real or personal property of the employer and shall be preferred and first *paid out of the proceeds* of the sale of such real and personal property. 'The proceeds' in the case of a receivership is what remains after payment of the costs and expenses of the receivership necessary to the carrying out of the trust by the receiver as the hand of the court" (p. 447). As the claims of the United States and the wage claimants and the Commonwealth of Pennsylvania were

prior in preference to the appellants' rent claim, and the expenses of the receivership were necessary in order to convert the assets into money so that distribution might be made pursuant to law, the costs and expenses of the receivership were properly a first charge against the estate, and the 'proceeds of sale' for distribution among the preferred creditors was what remained after their payment.

It is admitted that the fund in the hands of the receiver was derived from the sale of goods and chattels of the defendant on the demised premises which were liable to distress by the appellants for rent when the receiver entered into possession; or, at least that the proceeds of sale of such goods and chattels exceeded the administration expenses and the claim for rent. It is also admitted that no distress for rent had been made.

That the intervention of a preferred claim may alter the order of payment which would otherwise govern is seen from a comparison of *Phillips' Est. (No. 3)*, 205 Pa. 515, 55 A. 213, with *Phillips' Est. (No. 4)*, 205 Pa. 525, 55 A. 216. In the first of those cases it was decided that a second assignee, without knowledge of a prior assignment, will, upon giving notice of his assignment to the holder of the fund, acquire priority over the first assignee, who had not given notice of his assignment; but the second of those cases holds that this rule will not apply when a creditor of the assignor secures a lien on the fund by a foreign attachment against it, between the dates of the two assignments. So that although under *Phillips' Est. No. 3*, B, the second assignee, who gave notice of his assignment before A, the first assignee, would get priority over A; nevertheless, under *Phillips' Est. No. 4*, if a creditor, C, issued a foreign attachment between the dates of the two assignments, the order of priority would be changed to A, C, B.

Counsel for the appellee contended in the court below that the claims for wages had priority over the claim

of the United States. The court ruled otherwise. It is not necessary for us to decide this point, for both are preferred to the appellants' claim for rent and the order between them is not material in this proceeding. The fund having been exhausted by the awards made prior to the appellants' claim for rent, nothing could be awarded to them.

The assignments of error are overruled and the appeal is dismissed at the costs of the appellants.