## Braunstein v. Royal Tower System, Inc.

*M. D. Wedner*, for receiver.

*A. J. Rosenbleet*, for Commonwealth.

*Charles F. Uhl*, United States Attorney, for United States.

EGAN, J., February 26, 1943.—This proceeding was instituted by the filing of a bill in equity by a creditor of the defendant, and after hearing a permanent receiver was appointed who liquidated the assets of the corporation and filed a final accounting which was accompanied by a proposed order of distribution. The account of the receiver showed a balance for distribution in the amount of $473.29. The Commonwealth of Pennsylvania has a claim in the amount of $108.29 for loans tax, capital stock tax, and income tax for which it filed, on January 4, 1943, its certificate of lien in the prothonotary's office of Allegheny County and in

the office of the clerk of the United States district court at Pittsburgh, Pa. The said certificate of lien shows the earliest settlement by the Commonwealth was made on May 15, 1941, and the last settlement on July 23, 1942.

The Collector of Internal Revenue of the United States Government has a claim in the amount of $1,905.16 for Federal insurance contribution, Federal unemployment tax, and slot machine tax. Its earliest certificate of lien was filed in the prothonotary's office of Allegheny County on August 6, 1942, and the last was filed on November 4, 1942.

In the proposed order of distribution the entire fund of $473.29 in the hands of the receiver was awarded to the tax claim of the United States. Exceptions to this decree of distribution were filed by the Attorney General of the Commonwealth of Pennsylvania, who asked priority for the Commonwealth's tax claim or, at least, a priority distribution of the said fund with the tax claim of the United States.

It must be kept in mind that the fund for distribution arises from the estate of an insolvent debtor and that the fund is derived from the sale of the personal assets of the insolvent debtor. This is not a bankruptcy estate and the provisions of the Federal Bankruptcy Act do not apply.

Section 3466 of the Revised Statutes provides in part:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor in the hands of the executors or administrators is insufficient to pay all the debts, the debts due to the United States shall be first satisfied . . ."

In County of Spokane et al. v. United States, 279 U. S. 80, the receiver of an insolvent debtor had a fund for distribution which was insufficient to pay all claims. The Superior Court of the State of Washington ruled that Spokane County was entitled to priority for county

taxes as against the Federal taxes. This judgment was reversed by the Supreme Court of Washington and priority given to the United States. The judgment of the Supreme Court of Washington was affirmed by the Supreme Court of the United States and Chief Justice Taft, in delivering the opinion of the Supreme Court, quotes from Field et al. v. The United States, 34 U. S. 182, 201, in these words:

"The local laws of the state could not, and did not bind them [the United States] in their rights. They could not create a priority in favour of other creditors in cases of insolvency, which should supersede that of the United States"; and from United States v. National Surety Company, 254 U. S. 73, 76, in these words: "The priority secured to the United States by §3466 is priority over all other creditors; that is, private persons and other public bodies"; and from United States v. Oklahoma, 261 U. S. 253, 260, in these words: "Where the debtor is divested of his property in one of the modes specified in the act, the person who becomes invested with the title is made trustee for the United States and bound first to pay its debt out of the debtor's property . . . The priority given the United States cannot be impaired or superseded by state law." To the same effect are the cases of United States v. Emory et al., 314 U. S. 423, and United States v. Texas et al., 314 U. S. 480.

In Globe Solvents, Inc., et al. v. Nouskhajian, Trustee, et al., 148 Pa. Superior Ct. 209, an insolvency proceeding in which a contest arose between several classes of preferred creditors, distribution was directed in the following order of priority: (1) Administration expenses; (2) Federal taxes; (3) wage claims; (4) State unemployment compensation tones (contributions); (5) appellants' rent claim; (6) unpaid workmen's compensation premium; (7) general creditors; (8) certificate holders of defendant. At page 214 the Superior Court states:

"So, too, by the Revised Statutes of the United States, sec. 3466, U. S. Code, Title 31, sec. 191, in the distribution of an insolvent estate indebted to the United States, priority is given to the United States. As the proceedings in question were not instituted under the Federal Bankruptcy Act, sec. 3466 governs rather than section 64 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 563, and its amendments, U. S. Code, Title 11, sec. 104 . . ."

Therefore it is clear that, exercising its power, the United States, by section 3466 of the Revised Statutes, in order to collect its taxes and the revenues and debts due it, conferred priority for them over those of any State.

The Commonwealth of Pennsylvania seeks to have the fund distributed to it for the reason that it filed in the office of the prothonotary of Allegheny County and in the office of the clerk of court of the United States district court its certificate of lien against the insolvent. Sections 3670, 3671, and 3672 of the United States Internal Revenue Act of 1939, being a re-enactment of Revised Statutes, par. 3186, provide that if any person liable to pay any tax neglects or refuses after demand the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. In this same act it is provided that such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector (1) in accordance with the law of the State or Territory in which the property subject to lien is situated, whenever the State or Territory has by law provided for the filing of such notice, or (2) in the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice. To meet this situation the Legislature of

Pennsylvania passed the Act of May 1, 1929, P. L. 1215, 74 PS §141, which provides for the filing of such notices in the office of the prothonotary of the county in which the property subject to such lien is situated. The Commonwealth contends that it has filed its certificate of lien under the provision of Revised Statute 3186, before any notice was given by the Federal Government of the taxes due it, by the filing of the papers required in the prothonotary's office of Allegheny County and in the office of the clerk of the Federal court, and claims, therefore, that it is entitled to the present fund on distribution. The filing of these certificates of lien by the Commonwealth did not create a specific lien against any property owned by the insolvent debtor. To acquire such a lien affirmative action by way of execution would have to exist, prior to the time when the property or fund became in custodia legis. Such action was not taken by the Commonwealth, and therefore its claim is subject to the priority conferred upon the United States. Therefore, the Federal Government is entitled to have distributed to it the fund of $473.29 now in the hands of the receiver of the insolvent debtor. Exceptions of the Commonwealth of Pennsylvania will be dismissed.

### Order

And now, February 26, 1943, exceptions filed December 23, 1942, on behalf of the Commonwealth of Pennsylvania, and the exceptions filed December 29, 1942, in behalf of the Department of Labor and Industry of the Commonwealth of Pennsylvania, are hereby dismissed and the decree of distribution filed by the court on December 17, 1942, is affirmed, made final and absolute, and distribution is ordered in conformity therewith.