J-S21026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAIR SIMONS | : | |
| | : | |
| Appellant | : | No. 2432 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009393-2021

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED AUGUST 14, 2025**

Appellant, Zair Simons, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to third-degree murder, possession of a firearm prohibited, and possessing an instrument of crime ("PIC").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On February 21, 2024, Appellant entered an open guilty plea to the above-mentioned offenses. At the plea hearing, Appellant affirmed the following factual basis for his guilty plea:

> [O]n or about June 28, 2020 at approximately 6:44 p.m., … police officers responded to a radio call for a person with a gun … in the area of 64th Street and Greenway Avenue in Philadelphia County. Upon arrival, they located … Ken

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 6105(a), and 907, respectively.

Williams, Junior [("Victim")] lying on the highway suffering from multiple gunshot wounds. [Victim] was taken to Penn Presbyterian Hospital where he was pronounced deceased….

A post-mortem examination was conducted … by Dr. Julia de la Garza…. Dr. de la Garza, who is an expert in the field of forensic pathology, would testify she made the following findings: [Victim] suffered a penetrating gunshot wound to the left lower back, which lacerated his liver, stomach, pancreas, and left kidney. He also suffered perforating gunshot wounds to the left forearm, right leg and the torso. The cause of death was a gunshot wound to the torso and the manner of death was ruled a homicide. These findings were made to a reasonable degree of medical certainty and contained in her medical examiner's report.

Upon investigation, police located surveillance video from the area which depicts the shooting incident. In summary, it shows [Appellant] and [Victim] engaged in a conversation. During this conversation, [Appellant] was seated on a bicycle, reaches into his right pocket and removes a firearm, which he keeps at his side pointed to the ground. After the brief conversation, as [Victim] began to walk off camera, [Appellant] raises that gun and repeatedly fires it at [Victim.] Off camera, someone appears to return fire causing [Appellant] to hide behind a wall for cover. [Appellant] then gets on [the] bike again and rides away. [The] bike was recovered at a short distance away [from the] crime scene. … [Appellant's] DNA was found on the handle bar grips of [the] bike.

Additional video was recovered [from] shortly before [the] murder, which depicts [Appellant] on the 2100 block of Gould Street. He was wearing the same exact clothing, which was a pair of track pants with a green stripe and a black T-shirt, that the shooter is wearing during the murder. In that video [Appellant's] face is clearly visible. Officer Christopher Ficci, … [who] knows [Appellant] from prior encounters, viewed [the] video surveillance … and immediately identified [Appellant] as the shooter. Additionally, [Appellant's] probation officer, Heather Pace, … also observed the surveillance video and positively identified [Appellant] as the shooter, as well as a third civilian witness who identified both [Appellant] and [Victim]

from [the] surveillance video.

At the time of the incident [Appellant] was prohibited from possessing a firearm due to a prior conviction for possession with intent to deliver. …

(N.T. Plea Hearing, 2/21/24, at 14-17). The court accepted Appellant's guilty plea as knowing, voluntary, and intelligent.

On April 26, 2024, the court conducted a sentencing hearing. At the hearing, Appellant presented a surveillance video of the shooting. The video showed that while Appellant and Victim were arguing, Victim reached into his left pocket, where he had a gun. This occurred before Appellant took out his gun. During his allocution, Appellant further explained that Victim showed Appellant the gun and threatened to kill Appellant because Appellant owed Victim money. Appellant stated that he had no intention of harming Victim and expressed remorse for his actions. Appellant's counsel conceded that Appellant was not acting in self-defense when he shot Victim because Victim was walking away when Appellant shot him. Nevertheless, Appellant's counsel argued that the circumstances warranted a mitigated sentence for Appellant's third-degree murder conviction. The court ultimately sentenced Appellant to 18 to 40 years' incarceration for third-degree murder, and a concurrent term of 4 to 8 years' incarceration for possession of a firearm prohibited. The court did not impose any further penalty for the PIC conviction, resulting in an aggregate sentence of 18 to 40 years' incarceration.

On May 6, 2024, Appellant timely filed a post-sentence motion, which

the court denied on July 31, 2024. Appellant filed a timely notice of appeal on August 30, 2024. On September 4, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 25, 2024.

Appellant raises the following issue for our review:

> Did the sentence imposed in the Court of Common Pleas constitute an abuse of discretion?

(Appellant's Brief at 3).

Appellant asserts that he presented evidence at the sentencing hearing which showed that Victim escalated their verbal argument by displaying a gun and threating Appellant. Appellant argues that the court's imposition of a sentence that is just shy of the maximum sentence for third-degree murder demonstrates that the court failed to properly consider this mitigating factor. Appellant further contends that the court ignored evidence of Appellant's rehabilitative potential. Specifically, Appellant claims that the court failed to properly consider that Appellant did not have any prior convictions for crimes of violence, Appellant's stable work history as a home health aide for his ailing mother, and Appellant's expression of remorse during his allocution. Appellant concludes that the court abused its sentencing discretion by imposing an excessive sentence that did not properly take into consideration the mitigating circumstances of his offense and Appellant's rehabilitative potential, and this Court should vacate his judgment of sentence. We disagree.

As presented, Appellant's issue challenges the discretionary aspects of

sentencing. *See Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public or defendant's rehabilitative needs concerns court's sentencing discretion); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant

must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Troell*, 290 A.3d 296, 299 (Pa.Super. 2023) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010)).

Generally, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno, supra* at 545 (quoting *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Nevertheless, this Court has held that a claim that the court failed to consider factors set forth under Section 9721(b) and focused solely on the seriousness of the defendant's offense raised a substantial question. *See Commonwealth v. Trimble*, 615 A.2d 48 (Pa.Super. 1992). *See also Commonwealth v. Caldwell*, 117 A.3d 763 (Pa.Super. 2015), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015)

(noting that this Court has held that excessive sentence claim, in conjunction with assertion that court failed to consider mitigating factors, raises substantial question).

Instantly, Appellant raised his sentencing issue in a timely filed post-sentence motion, filed a timely notice of appeal, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's claim arguably raises a substantial question for our review. *See id.*; *Trimble, supra*. Thus, we proceed to address the merits of Appellant's sentencing issue.

"[S]entencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion." *Commonwealth v. Schroat*, 272 A.3d 523, 527 (Pa.Super 2022). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* at 527-28. Additionally, "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005). *See also* 42 Pa.C.S.A. § 9721. A trial court does not abuse this discretion unless the sentence is "grossly disparate" to the conduct at issue, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994

A.2d 595, 599 (Pa.Super. 2010).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.** Moreover, where the sentencing court had the benefit of a [pre-sentence investigation ("PSI") report], the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. **Commonwealth v. Tirado**, 870 A.2d 362, 366 n.6 (Pa.Super. 2005).

Instantly, the court stated on the record that it considered the PSI report, the sentencing guidelines, and all the evidence presented during the history of this case, including the evidence Appellant presented at the sentencing hearing. The court discussed the gravity of the offense and the protection of the public, noting the substantial impact Appellant's actions had on Victim's family and the serious issue of gun violence in the community. In discussing Appellant's rehabilitative needs, the court identified the following

mitigating factors:

> On the mitigating side, [Appellant's] acceptance of responsibility and what I deemed to be genuine remorse for what happened here[.] I note that he was gainfully employed for a period of time. He has letters of support that were submitted, as well as family and friends who are present here in the courtroom. And, in addition, there were some circumstances here that may not be legally significant; but the fact that [Victim] was armed and may have displayed a gun to him is something that I do view as a mitigating factor.

(N.T. Sentencing Hearing, 4/26/24, at 41). Nevertheless, the court noted that there were several aggravating factors present in this case as well. Specifically, the court noted that Appellant shot Victim multiple times in vital parts of the body and the initial shot was fired into Victim's back when he was walking away. The court noted that Appellant's conduct evidenced an intent to kill that is not typical of a third-degree murder conviction. The court further considered that Appellant committed this murder while he was on probation for a prior offense.

Thus, the record belies Appellant's claim that the court failed to consider his rehabilitative needs. The court's on-the-record explanation of its sentence demonstrates that it carefully considered and weighed the sentencing factors, and the mitigating and aggravating factors in this case. *See* 42 Pa.C.S.A. § 9721(b); *Griffin, supra*. The court ultimately determined that the gravity of the offense, protection of the public, and the aggravating factors in this case warranted a sentence in the higher end of the standard range. *Id.* Notably,

the court imposed a concurrent sentence for Appellant's possession of firearm prohibited conviction and declined to impose any further penalty for Appellant's PIC conviction. On appeal, Appellant essentially asks this Court to reweigh the sentencing factors in his favor. We decline to do so. *See Schroat, supra*. We discern no abuse of discretion in the court's sentencing decision and as such, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/14/2025