J-S21021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UMAIR MIR | : | |
| | : | |
| Appellant | : | No. 2920 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 10, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000441-2024

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:               **FILED SEPTEMBER 24, 2025**

Appellant, Umair Mir, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his jury trial convictions for one count of rape of a child, and two counts each of involuntary deviate sexual intercourse ("IDSI") with a child, IDSI—persons under 16, statutory sexual assault, aggravated indecent assault of a child, aggravated indecent assault—persons under 13 years old, aggravated indecent assault—persons under 16 years old, endangering the welfare of a child ("EWOC"), corruption of minors, indecent assault—persons under 13 years old, and indecent assault—persons under 16 years old.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3123(a)(7), 3122.1(b), 3125(b), 3125(a)(7), 3125(a)(8), 4304(a), 6301(a), 3126(a)(7), and 3126(a)(8), respectively.

The relevant facts and procedural history of this case are as follows. On December 12, 2023, Appellant was charged with various sexual offenses in relation to the sexual abuse of his two nieces, Ae.S. and An.S. The affidavit of probable cause attached to the criminal complaint stated that Ae.S., who was 15 years old at the time, reported that Appellant began sexually abusing her when she was 11 years old. Ae.S. reported that Appellant penetrated her vagina with his fingers and rubbed his penis on her vagina but did not penetrate her. She further stated that these assaults occurred on average two to three times a week, with the most recent being three weeks before the interview. At the preliminary hearing, the Commonwealth amended the complaint to add two counts of IDSI with a child and one count of rape of a child. All charges were held for court.

On February 27, 2024, the Commonwealth filed a criminal information formally charging Appellant with the aforementioned offenses. Relevant to this appeal, at count 1, the Commonwealth charged Appellant with IDSI with a child, alleging that from 12/01/19 to 12/12/23, Appellant engaged in deviate sexual intercourse with Ae.S., when she was less than 13 years of age. At count 5, the Commonwealth charged Appellant with rape of a child, alleging that from 12/01/19 to 12/12/23, Appellant engaged in sexual intercourse with Ae.S., when she was less than 13 years of age.

The matter proceeded to a jury trial which commenced on June 11, 2024. At trial, Ae.S. testified that she was 15 years old at the time of trial and had lived with Appellant, her uncle, for approximately eight years.

Appellant began touching her inappropriately when she was 11 years old. When asked to describe how Appellant touched her, Ae.S. testified that Appellant would use his tongue to lick her vagina and put his fingers inside of her vagina. Appellant would also thrust his penis against her vagina and push it in really hard, resulting in pain. When this occurred, there were instances when her clothes remained on and instances where Appellant removed all her clothes. Appellant always wore his shorts or underwear. Ae.S. specified that this occurred more than once. Appellant would also touch her anus with his hands and penis. Ae.S. testified that Appellant would rub his penis against her anus really hard, causing her to feel pain. Appellant did not make Ae.S. touch his penis or use her mouth on his penis. These instances of sexual abuse occurred approximately two to three times a week from when she was 11 years old until she was 15 years old.

An.S., who was 17 years old at the time of trial, testified that Appellant began sexually abusing her when she was 12 years old. Appellant would touch her breasts, vagina and butt with his hands, mouth and penis. Appellant would push his penis into her vagina and her anus. An.S. further testified that Appellant made her use her mouth on his penis on multiple occasions. These instances of sexual abuse occurred approximately two to three times a week until November of 2023.

On June 13, 2024, the jury convicted Appellant of all charges. On September 10, 2024, the court determined that Appellant met the criteria to be classified as a sexually violent predator and sentenced Appellant as follows:

| Count 1 | IDSI with a child | 10 to 20 years' incarceration |
| Count 2 | IDSI with a child | 10 to 20 years' incarceration, consecutive |
| Count 3 | IDSI-persons less than 16 | 10 to 20 years' incarceration, concurrent |
| Count 4 | IDSI-persons less than 16 | 10 to 20 years' incarceration, concurrent |
| Count 5 | Rape of a child | 10 to 20 years' incarceration, consecutive |
| Count 8 | Agg. indecent assault of a child | 10 to 20 years' incarceration, concurrent |
| Count 9 | Agg. indecent assault of a child | 10 to 20 years' incarceration, consecutive |
| Count 10 | Agg. indecent assault of a child- persons less than 13 | 5 to 10 years' incarceration, consecutive |
| Count 11 | Agg. indecent assault of a child- persons less than 13 | 5 to 10 years' incarceration, consecutive |

The court imposed no further penalty on the remaining counts, resulting in an aggregate sentence of 50 to 100 years' incarceration. On September 19, 2024, Appellant filed a post-sentence motion, which the court denied on September 25, 2024. Appellant filed a timely notice of appeal on October 24, 2024. On October 28, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following an extension, Appellant timely filed a concise statement on December 20, 2024.

Appellant raises the following issues for our review:

> Did the imposition of separate and consecutive sentences on counts one —IDSI with a child as to Ae.S. — and five — rape of a child as to Ae.S. — result in an illegal sentence that must be vacated where rape of a child and IDSI with a child merge if the conduct underlying each conviction is the same?

> Did the trial court abuse its discretion in imposing a

sentence of 50 to 100 years of incarceration where the trial court imposed consecutive sentences resulting in a manifestly excessive aggregate sentence considering the nature of the offenses and total length of incarceration, and where the trial court failed to consider [Appellant's] rehabilitative needs in favor of an inordinate focus on the nature of the offenses?

(Appellant's Brief at 4).

In his first issue, Appellant asserts that the criminal complaint, affidavit of probable cause, and criminal information do not specify that Appellant was charged with separate and distinct criminal acts for the charges of IDSI with a child (count 1) and rape of a child (count 5) as it relates to Ae.S. Appellant argues that the charging documents did not specify whether the Commonwealth was alleging that Appellant engaged in vaginal, oral or anal penetration as it relates to each offense and merely provided a generic recitation of the statutory definition of the offenses. Appellant claims that the charging documents also fail to sufficiently allege that the criminal conduct underlying these charges occurred on different or multiple occasions because the Commonwealth set forth the same time frame for both offenses. Appellant avers that the charging documents and the record as a whole fail to delineate that counts 1 and 5 were based on separate and distinct criminal conduct. Appellant concludes that the trial court issued an illegal sentence by imposing separate consecutive sentences for counts 1 and 5 when they should have merged for sentencing purposes, and this Court should vacate his judgment

of sentence.[2]  We disagree.

A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law.  ***Commonwealth v. Allen***, 24 A.3d 1058, 1062 (Pa.Super. 2011).  Accordingly, our standard of review is *de novo* and our scope of review is plenary.  ***Id.***

Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.  Concerning the appropriate test for merger of crimes for sentencing, "[t]he statute's mandate is clear.  It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other."  ***Commonwealth v. Baldwin***, 604 Pa. 34, 39, 985 A.2d 830, 833 (2009).

---

[2] Appellant did not include this issue in his concise statement.  Nevertheless, as Appellant's claim implicates the legality of his sentence, the issue is not waived, and we address its merits.  ***See Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa.Super. 2020) (reiterating that issue of whether crimes merge for sentencing purposes implicates legality of sentence).  ***See also Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa.Super. 2014) (stating that challenge to legality of sentence can never be waived, assuming jurisdiction is proper).

"The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Healey***, 836 A.2d 156, 157-58 (Pa.Super. 2003) (citation omitted).

> When considering whether there is a single criminal act or multiple criminal acts, the question is not "whether there was a 'break in the chain' of criminal activity." The issue is whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes. In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, we must examine the charging documents filed by the Commonwealth.

***Commonwealth v. Martinez***, 153 A.3d 1025, 1030–31 (Pa.Super. 2016) (citation omitted).

Instantly, the Commonwealth charged Appellant with rape of a child and IDSI with a child related to Ae.S in the criminal information. In describing the criminal conduct, the Commonwealth alleged that Appellant engaged in deviate sexual intercourse with Ae.S. when she was less than 13 years old in connection with the IDSI with a child charge, and alleged that Appellant engaged in sexual intercourse with Ae.S. when she was less than 13 years old in connection with the rape of child charge.[3] The Commonwealth did not allege

_____

[3] The Pennsylvania Crimes Code defines "deviate sexual intercourse" and "sexual intercourse" as follows:
*(Footnote Continued Next Page)*

that the criminal conduct underpinning these charges occurred as a singular event but stated that the criminal conduct occurred from 12/01/19 to 12/12/23, supporting an inference that both charges were based on different criminal acts that occurred on multiple occasions. The affidavit of probable cause further supports this inference in stating that Ae.S. reported that Appellant sexually abused her two to three times a week for several years. The testimony at trial substantiated the Commonwealth's allegations. Specifically, Ae.S. testified to multiple instances of penetration by Appellant occurring on a regular basis over several years to sufficiently support the IDSI with a child conviction and the rape of a child conviction independently. Viewing the charging documents together and the record as a whole, we reject

---

3101. Definitions

*   *   *

"Deviate sexual intercourse." Sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

*   *   *

"Sexual intercourse." In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required.

18 Pa.C.S.A. § 3101.

Appellant's assertion that his IDSI with a child and rape of child convictions arose from a single criminal act. *See Martinez, supra*; *Healey, supra*. As such, count 1 and count 5 do not merge for sentencing purposes and the court did not issue an illegal sentence by imposing separate sentences for each of these convictions. *See Baldwin, supra*.

In his second issue, Appellant asserts that the court only made a cursory reference to Appellant's rehabilitative needs during the sentencing hearing and failed to properly consider this factor in fashioning his sentence. Appellant claims that the court focused entirely on the gravity of the offenses and failed to properly consider that Appellant did not have a criminal history or a prior opportunity to engage in treatment under supervision. Appellant argues that the court's imposition of consecutive sentences is manifestly excessive because Appellant will not be eligible for parole until he is 89 years old. Appellant concludes that the court abused its discretion by imposing an excessive sentence without properly considering all the sentencing factors, and this Court should vacate the judgment of sentence. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public or defendant's rehabilitative needs concerns court's sentencing discretion); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013)

(considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005)).

When appealing the discretionary aspects of a sentence, an appellant

must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Troell***, 290 A.3d 296, 299 (Pa.Super. 2023) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)).

Generally, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545 (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Nevertheless, this Court has held that a claim that the court failed to consider factors set forth under Section 9721(b) and focused solely on the seriousness of a defendant's offense raised a substantial question. ***See Commonwealth v. Trimble***, 615 A.2d 48 (Pa.Super. 1992). ***See also Commonwealth v. Caldwell***, 117 A.3d 763 (Pa.Super. 2015), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015)

(noting that this Court has held that excessive sentence claim, in conjunction with assertion that court failed to consider mitigating factors, raises substantial question).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion, filed a timely notice of appeal, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's claim arguably raises a substantial question for our review. *See id.*; *Trimble, supra*. Thus, we proceed to address the merits of Appellant's sentencing issue.

"[S]entencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion." *Commonwealth v. Schroat*, 272 A.3d 523, 527 (Pa.Super 2022). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* at 527-28. Additionally, "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005). *See also* 42 Pa.C.S.A. § 9721. A trial court does not abuse this discretion unless the sentence is "grossly disparate" to the conduct at issue, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994

- 12 -

A.2d 595, 599 (Pa.Super. 2010). **See also Commonwealth v. Zirkle**, 107 A.3d 127, 134 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (reiterating that defendant is not entitled to "volume discount" for his crimes).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.**

Here, the court explained its sentence as follows:

> [Appellant] was convicted of several charges which required mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9718 [governing sentences for offenses against infant persons]. Specially, [Appellant] was convicted of 1) [IDSI] with a child 18 Pa.C.S.A. § 3123(b) (counts 1 & 2 which each carry a mandatory minimum sentence of 10 years); 2) [IDSI - persons less than 16 years old,] 18 Pa.C.S.A. § 3123(a)(7) (counts 3 & 4 which each carry a mandatory minimum of 10 years); 3) rape of a child 18 Pa.C.S.A. §3121(c) (count 5 which carries a mandatory minimum sentence of [10] years); 4) aggravated indecent assault of a child without consent 18 Pa.C.S.A. 3125(b) (counts 8 & 9

which each carry a mandatory minimum of 10 years); and 5) aggravated indecent assault of a child 18 Pa.C.S.A. 3125(a)(7) (counts 10 & 11 each of which carry a mandatory minimum sentence of 5 years).[4] [The court] imposed sentences only on the 9 charges which required a mandatory minimum sentence and imposed no further penalty on the 12 other charges. Thus, [the court] exercised very little discretion in sentencing [Appellant.] In fact, the only discretion [the court] exercised was to decide whether [Appellant] would serve the mandatory sentences concurrent or consecutive to one another.

\* \* \*

[In making this determination, the court] considered the facts of the case together with the nature and character of [Appellant], the sentencing guidelines, the impact [Appellant's] crimes had on his victims and the need to protect the community, and most importantly, [the court] considered [Appellant's] need for rehabilitation. In addition, [the court] considered [Appellant's] utter lack of remorse, claiming, even on the day of his sentence, that he did not commit any of the crimes despite the overwhelming verdict of the jury. Upon consideration of all these factors, [the court] imposed a sentence that included only the mandatory minimum sentences. [The court] used [its] discretion to run some of the mandatory sentences consecutive to one another and other mandatory sentences concurrent to the others. Because [Appellant] committed his crimes against each of his two victims 2 [to] 3 times per week for a period of four years, [the court] thought it important that [its] sentence reflect justice for each of the minor victims. Therefore, [the court] used [its] discretion to impose … sentences … which result in a net sentence of not less than 25 years nor more than 50 years [of incarceration] for the crimes against each child victim, and [the court] ran those

_____

[4] For each of these offenses, the court instructed the jury that they must find, as an element of the respective offenses, that the victims were below the ages of 16 or 13 when the criminal acts were perpetrated against them. In finding Appellant guilty of these offenses, the jury determined beyond a reasonable doubt that the victims were below the relevant age threshold at the time the offenses were committed.

> sentences consecutive to one another for a total aggregate sentence of not less than 50 years nor more than 100 years [of incarceration].

(Trial Court Opinion, filed 1/30/25, at 18-20) (citations omitted).

On this record, we cannot say the court abused its sentencing discretion. *See Schroat, supra*. Contrary to Appellant's assertion, the court stated on the record that it considered Appellant's need for rehabilitation and ultimately concluded that a lengthy period of incarceration was needed for that purpose. In support of this conclusion, the court noted Appellant's abusive and manipulative actions towards the minors in his care for an extended period and his continued failure to take accountability for his actions. Further, the court showed leniency by declining to impose sentences on many of Appellant's convictions and imposing some sentences concurrently. As such, we cannot say that the court's decision to impose some of Appellant's mandatory sentences consecutively was patently unreasonable, particularly given the serious criminal conduct at issue. *See Zirkle, supra*; *Gonzalez–Dejusus, supra*; *Marts, supra*. For these reasons, we conclude Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025